# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VIOLA WILLIAMSON and, <br> JAMES WILLIAMSON <br><br>   Plaintiffs, <br><br> vs. <br><br> CARLOS MALDONADO, *et al.*, <br><br>   Defendants. | Case No.  2:11-cv-00352-RLH-CWH <br><br> **ORDER** |

This matter is before the Court on Defendant State Farm's Motion to Transfer Venue (Dkt. #35). On September 30, 2011, Plaintiffs filed an opposition to Defendant's motion (Dkt. #41) and on October 10, 2011, Defendant replied to the opposition (Dkt. #49).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The moving party must first show that the action could have been brought in the transferee district. *Goodyear Tire & Rubber Corp. v. McDonnell Douglas Corp.*, 820 F.Supp. 503, 506 (C.D. Cal. 1992).  In making this analysis, the court must evaluate "the legal issues of jurisdiction, venue and the defendant's amenability to service in the proposed transferee forum." *Int'l Patent Dev. Corp. v. Wyomont Partners*, 489 F.Supp. 226, 229 (citing *Hoffman v. Blaski*, 363 U.S. 335, 80 S. Ct. 1084, 4 L. Ed.2d 1254 (1960)).  The Court requires further briefing on the issue of whether New Jersey is a district in which this civil action might have been brought, and if not, whether it may now be transferred.

Briefs shall be submitted no later than <u>Thursday, November 10, 2011</u> and shall not exceed <u>20 pages</u> in length.

A hearing on this motion (Dkt. # 35) will be held <u>Friday, November 18, 2011 at 4:00 p.m.</u> in Courtroom 3C.

1 **IT IS SO ORDERED.**

2 DATED this 31st day of October, 2011.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge